# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>v.<br>Juan Alonso Cardenas-Martinez,<br>    Defendant. | CR04-02262-TUC-FRZ (JM)<br>**REPORT AND RECOMMENDATION** |

This matter came on for Evidentiary Hearing before Magistrate Judge Marshall on February 22, 2012.[1] Defendant was present and assisted by counsel. The Government presented two witnesses and admitted five exhibits.

## I. FINDINGS OF FACTS

On June 1, 2008, a Petition to Revoke Supervised Release was filed alleging that Defendant violated his conditions of supervised release by committing another federal crime during the term of his supervision. According to the Petition, Defendant was sentenced to serve 41 months in prison followed by 24 months of supervised release. Defendant's term of supervised release began to run on November 2, 2007 when he was released from prison and was set to expire on November 1, 2009. His conditions of supervision included the following: "You shall not commit another federal, state or local crime during the term of supervision." Standard Condition No. 1.

At the evidentiary hearing, Border Patrol Agent Warner testified that as the custodian of records, she obtained the Defendant's A File, or the administrative file maintained by the

---

[1] A transcript of the hearing was ordered and prepared. (Docket 44).

Department of Homeland Security on aliens. Within that file was a picture that appeared to match the Defendant. The file also contained a fingerprint card and a warrant of removal or deportation reflecting that the Defendant was deported on November 3, 2007. (Exhibits 5A and 5B).

United States Probation Officer Peters testified that a Petition to Revoke the Defendant's supervised release was filed on June 19, 2008. She became the Defendant's Supervisory Probation Officer in November of 2010, and in that capacity became privy to all the documents contained in the Defendant's file. Within that file was documentation from the Southern District of California, showing that on June 13, 2008, the Defendant was charged by Information with one misdemeanor and two felony counts of illegal entry. (Exhibit 1). On August 12, 2008, the Defendant pled guilty to those charges. (Exhibit 3).

## II. CONCLUSIONS OF LAW

A court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir.), *cert. denied*, 531 U.S. 999, 121 S.C. 498, 148 LED.2d 469 (2000); *see also* 18 U.S.C. § 3583(e)(3).

Having considered the pleadings, testimony, exhibits and arguments of counsel, the Magistrate Judge finds by a preponderance of the evidence that the Defendant violated his conditions of supervised release.

## III. RECOMMENDATION FOR DISPOSITION BY THE DISTRICT COURT JUDGE

Based on the foregoing and pursuant to 28 U.S.C. § 636 (b) and Local Rule 1.7(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge **RECOMMENDS** that the District Court, after an independent review of the record, find that the Defendant violated Standard Condition No. 1 of his terms of supervised release by committing another federal crime and schedule a final disposition hearing for **April 3, 2012, at 9:10 a.m. before the Honorable Judge Frank R. Zapata.**

Pursuant to 28 U.S.C. § 636 (b), any party may serve and file written objections with the District Court within fourteen (14) days of being served with a copy of this Report and Recommendation. If the objections are not timely filed they may be deemed waived. If any objections are filed, this action should be designated with the following case number CR04-02262- TUC-FRZ.

DATED this 29th day of February, 2012.

_Jacqueline Marshall_
Jacqueline Marshall
United States Magistrate Judge